**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Brian C. Long, *as Assignee of All Claims Asserted by Assignor, Bruce K. Long,*<br><br>                    Plaintiff,<br><br>          -v-<br><br>Michael E. Joaquin, John C. Rose, Father and Sons Collectibles, Inc., and Legend Collectibles Corp.,<br><br>                    Defendants. | 2:23-cv-7587<br>(NJC) (SIL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

This Memorandum and Order addresses two Reports and Recommendations issued by Magistrate Judge Steven I. Locke in the face of motions by Plaintiff Brian C. Long to address failures to appear and to participate in discovery by Defendants John C. Rose and Legend Collectibles Corp. ("Legend") in this action.

I.    July 14 R&R

On June 19, 2025, Long filed a Motion to Strike the Answer to the Amended Complaint filed by Defendants Rose and Legend due to Defendants' failure to comply with numerous court orders and their discovery obligations. (Motion to Strike, ECF No. 53, at 1.) On July 14, 2025, Judge Locke issued a Report and Recommendation ("July 14 R&R") recommending: (1) that Rose's Answer in this action be stricken due to Rose's "failure to appear at his depositions scheduled for March 7 and May 16, 2025 . . . and his failure to attend the April 21, 2025 status conference at which he was ordered to appear"; (2) that the Motion to Strike be denied without prejudice as to Legend; and (3) that Long be directed "to move for reimbursement by Rose of reasonable expenses, including attorney's fees incurred as a result of Rose's failure to appear."

1

(July 14 R&R, ECF No. 54 at 1, 4.) In recommending denial of the Motion to Strike without prejudice as to Legend, Judge Locke noted that "while a party's answer may be stricken if its officer, director, managing agent, or Rule 30(b)(6) designee fails to attend his deposition . . . there is no indication that Rose falls into any of these categories with respect to Legend" (*Id.* at 5.) Judge Locke further warned that if Legend failed to appear for a deposition within 30 days of receipt of the Court's decision, the Court may recommend that Legend's answer be stricken, too. (*See id.*)

Judge Locke's recommendations were made pursuant to Rules 16(f), 37(b)(2)(A)(iii), and 37(d) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which "authorize the district court to impose sanctions, including striking pleadings in whole or in part, when a party or its attorney fails to appear at a scheduling or pretrial conference, or when a party or its officer, director, or managing agent or a person designated under Rule 30(b)(6) fails to attend its deposition after being served with proper notice." (*Id.* at 3 (citing Fed. R. Civ. P. 16(f), 37(b)(2)(A)(iii), and 37(d)(1)(A)).)

The July 14 R&R instructed that any objections to its contents must be submitted in writing to the Clerk of Court within fourteen (14) days of its receipt. (July 14 R&R at 6–7.) Although Defendants Rose and Legend were electronically served with the July 14 R&R on the date it was filed through the Court's electronic filing system, Long did not serve the July 14 R&R on pro se Defendants Michael E. Joaquin and Father and Sons Collectibles, Inc. by first class mail and electronic mail until July 28, 2025. (ECF No. 57.) Accordingly, the latest deadline by which to file any objections to the July 14 R&R was August 11, 2025.

The deadline for filing any objections to the July 14 R&R has long expired, and no party filed any objections to it. In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citations omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007)).

Having conducted a de novo review of the motion papers and the applicable law in an abundance of caution, I adopt the well-reasoned July 14 R&R in part as follows. I grant the Motion to Strike with respect to Rose's Answer (ECF No. 24) and deny it without prejudice with respect to Legend's Answer. Because Long filed an unopposed motion for attorney's fees against Rose on August 25, 2025 (ECF No. 61), the July 14 R&R's recommendation that this Court order Long to file a motion for attorney's fees and costs incurred due to Rose's failure to appear at the March 7, 2025 and May 16, 2025 depositions and the April 21, 2025 status conference and for costs incurred in bringing the Motion to Strike is moot.

II.    August 20 R&R

On August 15, 2025, Long filed a Motion to Strike Legend's Answer to the Amended Complaint ("Motion to Strike Legend"), on the basis of Legend's "continued and repeated failures to comply with this Court's orders" and participate in discovery. (Motion to Strike Legend, ECF No. 58 at 1.) On August 20, 2025, Judge Locke sua sponte issued an additional report and recommendation recommending that this Court grant the Motion to Strike Legend's Answer under Rules 16(f), 37(b)(2)(A)(iii), and 37(d)(1)(A)(iii). (*See* Electronic Sua Sponte Report and Recommendations, August 20, 2025 ("August 20 R&R").) The Motion to Strike Legend demonstrated that "according to the communications between Long's attorney and counsel for Rose and Legend, Rose was designated as Legend's representative pursuant to Fed. R. Civ. P. 30(b)(6) . . . [and on] August 11, 2025, Rose again refused to appear for a deposition on behalf of Legend." (*Id.* (citing Motion to Strike Legend, Ex. 1 (ECF No. 58-1)).) As a result,

Judge Locke "recommend[ed] granting Plaintiff's motion to strike Legend's answer to the Amended Complaint . . . and instruct[ed] Long to move for reimbursement by Legend of attorney's fees and costs incurred due to Rose's failure to attend its deposition." (August 20 R&R.)

The August 20 R&R noted that "this Report and Recommendation is being served on Long, Rose and Legend by electronic filing," and subsequently directed Long to serve a copy on the pro se Defendants and file proof of service on the docket. (*Id*.) Judge Locke further stated that any objections to the August 20 R&R must be filed with the Clerk of Court within fourteen (14) days of its receipt. (*Id*.) On the date it was issued, the August 20 R&R was electronically served on Rose and Legend, and Long served it on pro se defendants Joaquin and Father and Sons Collectibles, Inc. by first class mail and electronic mail. (ECF No. 60.) Accordingly, the latest deadline by which any party could file objections to the August 20 R&R was September 3, 2025.

The deadline to file objections to the August 20 R&R has long expired, and no party filed any objections. Because no objections were filed, the Court reviews the August 20 R&R for clear error. *King*, 2016 WL 4595991, at *1; *Covey,* 481 F. Supp. at 226.

Having conducted a de novo review of the motion papers and the applicable law, I adopt the well-reasoned August 20 R&R in its entirety. *See* 28 U.S.C. § 636(b)(1). I grant Long's Motion to Strike Legend (ECF No. 58) and strike Legend's Answer (ECF No. 24) from the record. The August 20 R&R correctly determined that Rose was designated as Legend's representative pursuant to Fed. R. Civ. P. 30(b)(6). As noted, Long has filed an unopposed motion for attorney's fees against Rose on August 25, 2025 (ECF No. 61) addressing attorney's fees incurred as a result of Rose's failure to appear at the March 7, 2025 and May 16, 2025 depositions and the April 21, 2025 status conference. Judge Locke further found, correctly, that

4

Rose failed to appear on behalf of himself and Legend at the August 11, 2025 deposition. Accordingly, Long may file a supplemental motion for attorney's fees and expenses explaining and documenting any attorney's fees and expenses incurred by Long because of Rose's failure to appear on behalf of Legend at the August 11, 2025 deposition and in bringing the Motion to Strike Legend. That supplemental motion may also explain and document any *additional* attorney's fees and expenses incurred by Long as a result of Rose's failure to appear *on behalf of Legend* at the March 7, 2025 and May 16, 2025 depositions, the April 21, 2025 status conference. The supplemental motion shall not, however, double count attorney hours that are already claimed in the pending unopposed motion for attorney's fees (ECF No. 61.)

Long's supplemental motion for attorney's fees and costs is due by November 19, 2025.

## CONCLUSION

Having reviewed de novo the motion papers, the applicable law, and the resulting July 14, 2025 R&R and August 20, 2025 R&R, I adopt the findings and recommendations contained in the well-reasoned July 14 R&R and August 20 R&R, as modified above. Long's Motion to Strike (ECF No. 53) is granted in part, and Rose's Answer (ECF No. 24) is stricken from the record. Long's Motion to Strike Legend (ECF No. 58) is granted in its entirety, and Legend's Answer (ECF No. 24) is also stricken from the record. Judge Locke may rule on the pending motion by Long for attorney's fees and costs (ECF No. 61) in light of the factual findings adopted by this Memorandum and Order.

Long's supplemental motion for attorney's fees and costs relating to the Motion to Strike Legend and Rose's failure to appear on behalf of Legend at the August 11, 2025 deposition and prior depositions is due by November 19, 2025.

Dated: Central Islip, New York
        November 6, 2025

_____/s/ Nusrat J. Choudhury_____
            NUSRAT J. CHOUDHURY
            United States District Judge